**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TARSHA LYNETTE WILLIAMS | ) | CASE NO. **19-32336-KLP** |
| *(dba Little Dreamers Preschool & Daycare)* | ) | |
| | ) | JUDGE KEITH L. PHILLIPS |
| DEBTOR. | ) | |

---

| | |
|---|---|
| U.S. BANK TRUST NATIONAL | ) |
| ASSOCIATION, AS TRUSTEE OF THE | ) |
| IGLOO SERIES II TRUST, | ) |
|       MOVANT, | ) |
| | ) |
| V. | ) |
| | ) |
| TARSHA LYNETTE WILLIAMS | ) |
| P.O. Box 151 | ) |
| Irvington, VA 22480, | ) |
|       DEBTOR, | ) |
| | ) |
| CALVIN REDMOND | ) |
| 228 Newtown Road | ) |
| Kilmarnock, VA 22482, | ) |
|       CO-DEBTOR, | ) |
| | ) |
| **SUZANNE E. WADE,** | ) |
| **TRUSTEE** | ) |
| 7202 Glen Forest Drive, Ste. 202 | ) |
| Richmond, VA 23226, | ) |
|       RESPONDENTS. | ) |
| _____ | ) |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter is before the court on January 8, 2019, on the motion of U.S. Bank Trust National Association, as Trustee of the Igloo Series II Trust ("Movant") for relief from the automatic stay and co-debtor stay with respect to the real property located at P.O. Box 1474, Kilmarnock, VA 22482 aka 228 Newtown Road, White Stone, VA 22578 ("Property"), and is more particularly described as follows:

Keith Yacko (VA Bar No. 37854)
McMichael Taylor Gray, LLC
3550 Engineering Dr. Suite 260
Peachtree Corners, GA 30092
470-289-4347  kyacko@mtglaw.com

ALL OF THAT CERTAIN LOT OR PARCEL OF LAND, TOGETHER WITH ALL APPURTENANCES THEREUNTO BELONGING, SITUATE IN WHITE STONE MAGISTERIAL DISTRICT, LANCASTER COUNTY, VIRGINIA, CONTAINING 1.5 ACRES, MORE OR LESS, BUT CONVEYED IN GROSS AND NOT BY THE ACRE, THE BOUNDS OF WHICH ARE SET FORTH IN THAT CERTAIN DEED OF PARTITION BETWEEN LEVI KELLY, ET AL., WHEREIN FLORA E. KELLY RECEIVED AS HER SHARE AFOREMENTIONED IN THE CLERK'S OFFICE, CIRCUIT COURT OF LANCASTER COUNTY, VIRGINIA, IN DEED BOOK 62 AT PAGE 141 BEING THE SAME PROPERTY AS CONVEYED TO TARSHA L. WILLIAMS FROM LEWIS CONAWAY, JR. AND PEARL M. CONAWAY RECORDED 12/21/04 INSTRUMENT # 040003836 IN THE COUNTY OF LANCASTER AND STATE OF VIRGINIA.

Upon consideration of which it is

**ORDERED:**

1. The debtor will begin making monthly installment payments in the amount of $2,217.43, as they become due commencing on January 1, 2020.

2. The debtor will cure the post-petition arrearage currently due to the movant from June 1, 2019 through December 1, 2019 in the total amount of $16,149.22, which includes attorneys' fees and filing fees by making the following payments:

   a. $1.345.77 due on or before January 15, 2020
   b. $1.345.77 due on or before February 15, 2020
   c. $1.345.77 due on or before March 15, 2020
   d. $1.345.77 due on or before April 15, 2020
   e. $1.345.77 due on or before May 15, 2020
   f. $1.345.77 due on or before June 15, 2020
   g. $1.345.77 due on or before July 15, 2020
   h. $1.345.77 due on or before August 15, 2020
   i. $1.345.77 due on or before September 15, 2020
   j. $1.345.77 due on or before October 15, 2020
   k. $1.345.77 due on or before November 15, 2020
   l. $1.345.75 due on or before December 15, 2020

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class

mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    3.a. That the debtor is in default in making at least one payment required under this order:

    3.b. The dates and amount of each payment missed and any late change or other fees necessary to cure the default;

    3.c. The action necessary to cure the default, including any address to which payment must be mailed;

    3.d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

        3.d.i. Cure the default
        3.d.ii. File an objection with the court stating that no default exists; or
        3.d.iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.

    3.e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    3.f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of the order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtors, debtors' counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly payments and cure payments expire eighteen (18) months after the date of the entry of this order. In the event of the default in payments of any regular monthly payment due more than eighteen (18) months after the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements, or invoices, notices of late payment changes, notices of servicing transfers, or any other notices, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $50 for issuance of a notice of default, and an additional $100 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. Relief is granted as to Calvin Redmond, the co-debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the debtor.

DONE at Richmond, Virginia this day Jan 15 2020

/s/ Keith L. Phillips

United States Bankruptcy Judge

ENTERED ON DOCKET: Jan 16 2020

I ASK FOR THIS:

/s/ Keith Yacko
Keith Yacko
Virginia Bar No. 37854
3550 Engineering Dr.
Suite 260
Peachtree Corners, GA. 30092
470-289-4347
kyacko@mtglaw.com
*Attorney for Movant*

SEEN AND AGREED:

/s/ Amanda Erin DeBerry
Laura Taylor Alridge
Amanda Erin DeBerry

Christopher John Flynn
Callyn Marianna Gibson
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
*Debtor's Attorney*


SEEN AND AGREED:

/s/ Suzanne E. Wade
Suzanne E. Wade
P.O. Box 1780
Richmond, VA.  23218-1780
*Chapter 13 Trustee*


### **CERTIFICATION**

The undersigned certifies that the foregoing Order Granting Relief from Stay is substantially in compliance with the form order required by Administrative Order 10 2

/s/ Keith Yacko
Attorney for Movant


### **CERTIFICATION**

The undersigned certifies, pursuant to Rule 9022 1(e) that all necessary parties have endorsed the foregoing Order and that the Order is ready for entry.

/s/ Keith Yacko
Attorney for Movant


Will the clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Tarsha Lynette Williams
P.O. Box 151
Irvington, VA 22480

Tarsha Lynette Williams

P.O. Box 1474
Kilmarnock, VA 22482

Tarsha Lynette Williams
228 Newtown Road
Kilmarnock, VA 22482

Calvin Redmond
228 Newtown Road
Kilmarnock, VA 22482

Calvin Redmond
P.O. Box 1474
Kilmarnock, VA 22482

Tarsha Lynette Williams
228 Newtown Road
White Stone, VA 22578

Calvin Redmond
228 Newtown Road
White Stone, VA 22578